UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| ARTHUR FLEMMING MOLER, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 6:19-CV-204-CHB |
| | ) |
| v. | ) |
| | ) |
| S. LYNCH, et al., | ) **MEMORANDUM OPINION AND ORDER** |
| | ) **GRANTING MOTION TO DISMISS** |
| Respondents. | ) **CLAIMS ONE AND TWO OF AMENDED** |
| | ) **COMPLAINT** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Arthur Flemming Moler is a former federal prisoner currently residing in Sterrett, Alabama. Proceeding without an attorney, Moler previously filed an Amended Complaint [R. 12] bringing claims against prison officials at the United States Penitentiary ("USP") McCreary pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2670 *et seq*. ("FTCA") and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 12] In a prior Order, the Court dismissed a portion of Moler's claims (as well as the defendants against whom these claims were alleged), but directed service of process upon several defendants. [R. 16] The order directed the United States to respond to Moler's allegations of negligence under the FTCA, Defendants Rhonda Jones and Tara Cimarrosa to respond to the Eighth Amendment claim as alleged in Claim One, and Defendant S. Lynch to respond to the Eighth Amendment claim as alleged in Claim Two. [R. 16]

Defendants Jones, Cimarrosa, and Lynch, through counsel, have filed a Motion to Dismiss Moler's Eighth Amendment claims against them as untimely. [R. 27] Moler has filed a

-1-

Response [R. 30], and the Defendants have filed a Reply. [R. 31] Thus, this matter has been fully briefed and is ripe for review.

I.

Moler's Amended Complaint relates to the medical care that he received while he was incarcerated at USP McCreary. [R. 12] As labeled by Moler, "Claim One" of his Amended Complaint relates to medical care he received for his diabetes, specifically, the administration of his insulin. *Id.* at 4–5. Moler explains that he has Type II diabetes and relies upon insulin. He further alleges that, despite being aware that the proper administration time for insulin is 30 minutes prior to meals, medical staff at USP McCreary often did not administer his insulin within the acceptable time ranges. *Id.* He states that "in his view," due to the improper care for his diabetes, he has now been diagnosed with chronic kidney disease. Moler alleges that the insulin shots were administered per the instructions of HSA Jones (whom he claims is responsible for setting the schedule for the administration of his insulin) and Assistant HSA Cimarrosa (whom he claims instructed the nurses). Based on these factual allegations, he alleges claims against Jones and Cimarrosa for acting with deliberate indifference toward his serious medical needs in violation of his Eighth Amendment rights. *Id.*

"Claim Two" of Moler's Amended Complaint relates to the dental care that he received at USP McCreary, specifically his allegation that he was denied dentures. Moler alleges that Defendant dentist Joseph Lynch treated Moler upon his arrival at USP McCreary in August 2015. [R. 12, p. 6] Moler further states that he had zero teeth and required dentures to chew his food and maintain a balanced diet for his diabetes. Moler states that he asked Lynch if he could have his dentures sent from home to Lynch for inspection and Lynch said no. He further states that Lynch was aware of Moler's diabetes. According to Moler, Lynch stated that Moler had to

be incarcerated for a year before they could start on his dentures. Despite allegedly being added to a list for dentures in March 2016, Moler did not receive them, which he claims contributed to his development of chronic kidney disease. Based on these factual allegations, Claim Two alleges that Lynch acted with deliberate indifference to Moler's serious medical needs in violation of the Eighth Amendment.

## II.

### A.

Individual Defendants Cimarrosa, Jones, and Lynch have moved to dismiss Moler's Eighth Amendment claims against them pursuant Federal Rule of Civil Procedure 12(b)(6), arguing that these claims are barred by the applicable statute of limitations. [R. 27] A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint. *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364 (6th Cir. 2014). When addressing a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff and accepts as true all "well-pleaded facts" in the complaint. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). Because Moler is proceeding without the benefit of an attorney, the Court reads his complaint to include all fairly and reasonably inferred claims. *Stanley v. Vining*, 602 F.3d 767, 771 (6th Cir. 2010).

While the sufficiency of the complaint is generally tested with reference only to the face of the complaint itself, *Burns v. United States*, 542 F. App'x 461, 466 (6th Cir. 2013), this includes documents attached to the complaint or incorporated into the complaint by reference. *See, e.g., Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[On motion to dismiss,] courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents

incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530, 536 (6th Cir. 2017) ("The law is clear that [courts] may consider [a document] which was attached to the [c]omplaint . . . in determining whether dismissal is proper." (alterations in original)); *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) ("When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein.").

**B.**

Moler's Eighth Amendment claims against the individual Defendants are brought pursuant to *Bivens*, which held that an individual may "recover money damages for any injuries . . . suffered as a result of [federal] agents' violation of" his constitutional rights. *Bivens* 403 U.S. at 397. Because the remedy afforded in a *Bivens* action is entirely judge-made, there is no statutory limitations period. Instead, federal courts apply the most analogous statute of limitations from the state where the events occurred. *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015). The events about which Moler complains occurred in Kentucky; therefore, Kentucky's one-year statute of limitations for asserting personal injuries applies. Ky. Rev. Stat. § 413.140(1)(a); *Hornback v. Lexington-Fayette Urban Cty. Gov't*, 543 F. App'x 499, 501 (6th Cir. 2013); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003) ("*Bivens* claims have a one-year statute of limitations under Kentucky law."). Thus, to be timely, Moler must have filed his Complaint asserting his constitutional *Bivens* claims within one year from the date on which those claims accrued.

While state law provides the statute of limitations to be applied, when a *Bivens* claim accrues is a question of federal law. *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 183 (6th Cir. 1990). Under federal law, a claim accrues when the plaintiff knows, or has reason to know, of the injury that forms the basis for the action. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). Where the operative facts are not in dispute, the Court determines as a matter of law whether the statute of limitations has expired. *Highland Park Ass'n of Bus. & Enters. v. Abramson*, 91 F.3d 143 (Table), 1996 WL 382252 (6th Cir. July 3, 1996) (citing *Hall v. Musgrave,* 517 F.2d 1163, 1164 (6th Cir. 1975)); *see also Fox v. DeSoto*, 489 F.3d 227, 232 (6th Cir. 2007).

In their Motion, Defendants argue that Claim One (Jones and Cimarrosa's failure to administer Moler's insulin within the appropriate time frames) accrued no later than June 29, 2017, the date that he signed a formal administrative remedy request complaining about the untimely insulin injections. [R. 27, p. 4][1] However, Moler's Amended Complaint specifically alleges that he pursued his administrative remedies regarding the timing of the administration of his insulin through an administrative grievance (assigned Remedy ID No. 907537) filed a few days earlier, on June 25, 2017. [R. 12, p. 14][2] The Informal Resolution Form submitted by Moler identifies his Complaint as follows: "Deliberate Medical Indifference to my diabetes care. Given outside establish administrative times stated to me by HSA Jones. Over 50% (Fifty) of camp insulin and pills are given outside these administrative time frames. Although even that is not

---

[1] The Bureau of Prisons ("BOP") employs a multi-tiered administrative grievance process. If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has 20 days to respond. *See* 28 U.S.C. §§ 542.14(a), 542.18. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. *See* §§ 542.15, 542.18. If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* §§ 542.15, 542.18.

[2] A copy of this administrative remedy request was attached to both Moler's original Complaint [R. 1-1, pp. 2–11] and referred to in his Amended Complaint [R. 12, p. 14 (referring to Remedy ID #907537)]; thus it may be considered by the Court on Defendants' Motion to Dismiss.

optimal." [R. 1-1, p. 2] As relief, he requests that the insulin be given at least during administrative time frames, although preferably during the optimal times of 30–60 minutes prior to eating meals. *Id.*

Thus, Moler was clearly aware of his constitutional injuries related to the improper administration of his insulin when he submitted his informal remedy request. For this reason, the Court finds that Moler's Eighth Amendment claims against Defendants Jones and Cimarrosa related to the administration of his insulin accrued, at the very latest, on June 25, 2017, the date he submitted his first administrative remedy request claiming that his diabetic care was inadequate.

With respect to Count Two (the Eighth Amendment claim against Defendant Lynch for failure to provide dentures), Moler's Amended Complaint alleges that he first began requesting dentures from Dr. Lynch after his arrival at USP McCreary on or around August 12, 2015. [R. 12, p. 6] Moler states that he last inquired about getting dentures in March 2016. *Id*. His Amended Complaint specifically alleges that he pursued his administrative remedies with respect to this claim through an administrative grievance (assigned Remedy ID No. 912539) filed on August 8, 2017. [R. 12, p. 14][3] In the Informal Resolution Form related to this request (dated August 8, 2017), Moler avers that he has not been seen for full dentures since his incarceration, which he states is "cruel." [R. 1-1, p. 21] He further states that "I understand that there is no 'soft food' meals available here, so I find it even tougher to satisfy my diabetic sugar problems with such a poor choice of food." *Id.* As relief, he requests that the mouth-casting procedures begin so that he may receive a set of full dentures. *Id.*

---

[3] Documentation related to this administrative remedy request was attached to both Moler's original Complaint [R. 1-1, p. 21–29] and referred to in his Amended Complaint. [R. 12, p. 14 (referring to Remedy ID #912539)]

Thus, Moler was clearly aware of his constitutional injuries related to Lynch's failure to provide dentures when he submitted this Informal Resolution Form on August 8, 2017. For this reason, Court finds that Claim Two accrued, at the very latest, on August 8, 2017, the date that he submitted his first administrative remedy request related to his claim.

When a claimant is required to exhaust remedies before bringing suit, the limitations period is tolled while he or she does so, as long as the remedies are pursued diligently and in good faith. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). With respect to Moler's administrative remedy request related to Claim One (No. 907537), his final administrative appeal was denied in an Administrative Remedy Response dated November 2, 2017, and stamped "Delivered to Inmate" on December 6, 2017. [R. 1-1, p. 11 (denying Moler's Central Office Administrative Remedy Appeal alleging that pill line and insulin line times are erratic)]. Moler's final administrative appeal related to Claim Two (No. 912539) was denied in an Administrative Remedy Response dated November 27, 2017, and stamped "Delivered to Inmate" on December 19, 2017. [R. 1-1, p. 29 (denying Moler's Central Office Administrative Remedy Appeal alleging that the soft food that he is eating is bad for a diabetic's blood sugar and requesting full upper and lower dentures)]

Thus, giving Moler every possible benefit of the doubt by not starting the "clock" until he filed his administrative remedy requests and then tolling the statute of limitations on his claims until the date that he received the final denials of his administrative appeals, the limitations period would begin running on December 6, 2017 with respect to Claim One, and on December 19, 2017 with respect to Claim Two.[4] Thus, to be considered timely, Moler was required to file

---

[4] Of course, this also assumes that his claims accrued on the date that he filed his first administrative remedy requests with respect to each claim, which is not technically accurate. However, Moler does not allege the specific dates on which he claims each Defendant was deliberately indifferent to his medical needs. Thus, the Court resorts to the date that he filed his administrative grievances, as Moler cannot

his Complaint at the very latest with respect to Claim One on or before December 6, 2018 and, with respect to Claim Two, on or before December 19, 2018.

Moler did not file his original Complaint in this matter until August 21, 2019, over eight months too late. It is true that Moler originally asserted his claims in a lawsuit filed on June 17, 2019. *Moler v. Lawson*, 6:19-cv-149-GFVT (E.D. Ky. July 31, 2019). However, even if the Court were to determine that, under Fed. R. Civ. P. 15(c), Claims One and Two should relate back to the date of Moler's Complaint filed in his prior lawsuit and deem his Amended Complaint to have been "filed" when the Complaint in that case was filed in June 2019, his claims would still be untimely, as even this Complaint was filed approximately six months after the expiration of the applicable one-year statute of limitations. Thus, Moler's Eighth Amendment *Bivens* claims alleged against Defendants Jones, Cimarrosa, and Lynch in Claims One and Two are untimely. Accordingly, Defendants' Motion will be granted and these claims will be dismissed.

## C.

In his response, Moler argues that, rather than accruing on the dates that he was denied medical care, his claims did not accrue until he learned of his diagnosis of chronic kidney disease on November 30, 2018. [R. 30, pp. 2–3] Moler then characterizes his claims as alleging that, upon learning of his diagnosis, he discovered that the Bureau of Prisons ("BOP") was fully aware of his chronic kidney disease dating back to around June or July of 2017, but medical staff took no action and did not inform Moler of his diagnosis. *Id.* However, this is not the claim that Moler pleaded in Claims One and Two. In his Amended Complaint, Moler is clear that Claim One alleges that Defendants Jones and Cimarrosa violated his Eighth Amendment rights by

---

claim that he was not aware of his constitutional injuries by the dates that he filed grievances related to his "deliberate indifference" claims.

consistently failing to ensure that Moler was provided insulin at the proper time, which Moler states is 30 minutes prior to his meals. [R. 12, pp. 4–5] Indeed, this is also the claim that Moler identified that he exhausted through the BOP's administrative grievance process prior to filing his Complaint. [*See* R. 12, p. 14; R. 1-1, pp. 2–11] In Claim Two, Moler alleges that Lynch failed to provide him dentures after his request in 2016 despite being aware that Moler needed dentures for nutritional purposes. [R. 12, p. 6] This is also the claim related to his dental care that Moler alleges that he exhausted prior to filing his Complaint. [R. 12, p. 14; R. 1-1, pp. 21–29] To be sure, Moler may not bring new claims against the defendants in response to their Motion to Dismiss. *See Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020) ("Plaintiffs cannot . . . amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint."); *Campbell v. Univ. of Louisville*, 862 F. Supp. 2d 578, 583 (W.D. Ky. 2012) ("A plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment.") (quoting *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996)).

Moreover, Moler's argument that his constitutional claims did not accrue until the full extent of his injuries were known, or until he was diagnosed with chronic kidney disease, is contrary to well-established federal law. Rather, Moler's *Bivens* claims alleging deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights accrued on the date of his constitutional injuries, that is, the date that he knew (or should have known) that he was allegedly denied adequate health care, not the later date when the full extent of his injuries were reflected in his diagnosis of chronic kidney disease. *Hawkins v. Spitters*, 79 F. App'x 168, 169 (6th Cir. 2003) (finding that Eighth Amendment claims based on denial of requests for sleep evaluation accrued when these requests were denied, not years later when

plaintiff was actually diagnosed with sleep apnea); *Hermansen v. Schickel*, 202 F.3d 268 (Table), 1999 WL 1282438, at *1 (6th Cir. Dec. 27, 1999) (finding prisoner's cause of action based on allegations of deliberate indifference to medical needs "accrued on the date he was denied medical care . . . even though the full extent of his injury was not known until later") (citing *Drake v. B.F. Goodrich Co.*, 782 F.2d 638, 641 (6th Cir. 1986)). Indeed, "[u]nder federal law, a cause of action generally accrues when the plaintiff has reason to know of his injury . . . or at the time of the defendants' action, and not when the consequences become most painful." *Frasure v. Shelby Cty. Sheriff's Dep't*, 4 F. App'x 249, 250 (6th Cir. 2001).

Moler was clearly aware of his constitutional injuries in 2017, as he submitted administrative grievances specifically claiming deliberate indifference based on the timing of his insulin and the failure to provide him with dentures. *Howard v. Rea*, 111 F. App'x 419, 421 (6th Cir. 2004) (finding constitutional claims accrued on dates that plaintiff was aware that his constitutional rights may have been violated, as reflected by the administrative grievances he filed). Contrary to Moler's suggestion that he did not have a "complete cause of action" until the full extent of his injuries were known, a plaintiff has a "complete and present cause of action," when "the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (quoting *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). This is true, even though further consequential damages may later accrue attributable to the wrongful conduct. As explained in *Wallace* (a case alleging a constitutional unlawful arrest claim against police detectives),

> Even assuming, however, that all damages for detention pursuant to legal process could be regarded as consequential damages attributable to the unlawful arrest, that would not alter the commencement date for the statute of limitations. "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. The cause of action accrues even though the full extent of the injury is

>not then known or predictable." 1 C. Corman, *Limitation of Actions* § 7.4.1, at 526–27 (1991) (footnote omitted); *see also* 54 C.J.S. *Limitations of Actions* § 112, at 150 (2005). Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief.

*Wallace*, 549 U.S. at 39 (alteration in original).

Thus, for statute of limitations purposes, the "clock" starts on the date that Moler's constitutional injury occurred, regardless of whether the full extent of his injuries were not known until later. *See Hall v. Spencer County*, 583 F.3d 930, 933 (6th Cir. 2009) ("The cause of action accrues on the date of the injury to the person even though the extent of the injury is not known until later."); *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005) (holding the statute of limitations begin to run when plaintiff had reason to know of the alleged constitutional injury). Because Moler did not file his Complaint alleging his Eighth Amendment claims against Jones, Cimarrosa, and Lynch until well after the expiration of the one-year statute of limitations applicable to those claims, his claims are untimely.

For all of these reasons, the Motion to Dismiss filed by Jones, Cimarrosa, and Lynch will be granted and Moler's Eighth Amendment claims against them as alleged in Claims One and Two of his Amended Complaint will be dismissed.

### III.

With respect to Moler's remaining FTCA claim against the United States alleging negligence by federal employees, the United States has filed an Answer to this claim. [R. 28] The Court will therefore refer this matter to a United States Magistrate Judge for pretrial management.

Accordingly, **IT IS ORDERED** as follows:

1. The Motion to Dismiss filed by Defendants Jones, Cimarrosa, and Lynch [R. 27] is **GRANTED** and Moler's Eighth Amendment claims alleged in Claim One of Moler's Amended Complaint [R. 12] against Defendants Jones and Cimarrosa and in Claim Two against Defendant Lynch are **DISMISSED WITH PREJUDICE**.

2. Jones, Cimarrosa, and Lynch are **DISMISSED AS PARTIES**. The only remaining claim is Moler's FTCA claim against the United States.

3. This matter is **REFERRED** to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) to conduct all pretrial proceedings, including preparing proposed findings of fact and conclusions of law on any dispositive motions.

4. The Clerk of the Court shall **ASSIGN** this matter to a Magistrate Judge.

This the 16th day of February, 2021.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY